IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| CURTIS JOHN PAYNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-CV-04195-WJE |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Curtis John Payne seeks judicial review[1] of a final administrative decision of the Acting Commissioner of Social Security ("Acting Commissioner") denying his claim for disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA"), 42 U.S.C. §§ 401, *et seq.* The Administrative Law Judge, Mark A. Clayton, ("ALJ") found that although Mr. Payne had several severe and non-severe impairments, he retained the residual functional capacity ("RFC") to do limited light work. The ALJ concluded that Mr. Payne is capable of performing work as a copy machine operator or bakery line worker. After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. Thus, the Acting Commissioner's decision is AFFIRMED.

### I. Background

On August 7, 2017, Mr. Payne protectively filed a claim for DIB, alleging a disability onset date of July 24, 2017, due primarily to "[m]ultiple sclerotis [sic], [m]uscle weakness, [t]remors, [c]ognitive deficits, [l]apse in memory and thoughts, [u]nclear thinking, [s]low registering thoughts, [e]xtreme fatigue/sometimes sudden, [a]nxiety and impatients [sic], [c]hronic pain." (AR

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(c).

10, 214, 232). The Commissioner denied Mr. Payne's claim at the initial level, and he appealed the denial to an ALJ. (*Id.* 144-47, 150-51). The ALJ conducted hearings on April 11, 2019 and December 13, 2019. (*Id.* 61, 112).

On January 29, 2020, the ALJ denied Mr. Payne's claim for DIB. (*Id.* 7-25). The ALJ determined that although Mr. Payne had severe and non-severe impairments, none of them met or exceeded a listed impairment. (*Id.* 12-15). He also determined that Mr. Payne had an RFC to perform light work with certain limitations, including:

> can never climb ladders, ropes, or scaffolds. He can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. He can occasionally reach overhead with the bilateral upper extremities, and frequently reach below shoulder level with the left upper extremity. He must avoid concentrated exposure to extreme temperatures, humidity, "loud" noise, and hazards, such as unprotected heights and dangerous moving machinery. He can perform work limited to simple, routine, repetitive type tasks involving only simple decision-making, in an environment with no more than occasional change and occasional interaction with others.

(*Id.* 16-17). During the hearings, the ALJ asked a vocational expert ("VE") whether a hypothetical individual with Mr. Payne's age, education, and work experience, along with the RFC identified above, would be capable of working. (*Id.* 24, 100-01). The VE testified that such an individual could perform work as a copy machine operator or bakery line worker. (*Id.* 24-25, 101).

Following the ALJ's unfavorable opinion, Mr. Payne requested review from the Appeals Council. (*Id.* 210-11). The Appeals Council denied Ms. Payne's request for review, leaving the ALJ's decision as the Acting Commissioner's final decision. (*Id.* 1-3). As Mr. Payne has exhausted all administrative remedies, judicial review is now appropriate under 42 U.S.C. § 405(g).

## II. Disability Determination and the Burden of Proof

The burden of establishing a disability as defined by the SSA in 42 U.S.C. § 423(d) rests on the claimant. *Simmons v. Massanari*, 264 F.3d 751, 754 (8th Cir. 2001). The Social Security

Administration has established a five-step, sequential evaluation process for appraising whether a claimant is disabled and benefit-eligible. 20 C.F.R. § 404.1520; *see also Swink v. Saul*, 931 F.3d 765, 769 (8th Cir. 2019) (citation omitted). The Commissioner must evaluate:

> (1) whether the claimant is presently engaged in a substantial gainful activity;
> (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities;
> (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations;
> (4) whether the claimant has the residual functional capacity to perform his or her past relevant work; and
> (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.

*Dixon v. Barnhart*, 353 F.3d 602, 605 (8th Cir. 2003).

### III.     Standard of Review

The Eighth Circuit requires the reviewing court to "determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole." *Baker v. Barnhart*, 457 F.3d 882, 892 (8th Cir. 2006) (quoting *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000)). "Substantial evidence is less than a preponderance [of the evidence]" in that it merely requires a reasonable person would find the evidence adequate to support the Commissioner's decision. *Id.*

The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015) (citations omitted); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close"). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue,* 646 F.3d 549, 556 (8th Cir. 2011).

### IV.     Discussion

Mr. Payne raises two arguments in his appeal before the Court. Those are, substantial evidence does not support the ALJ's decision because the ALJ did not properly consider Mr. Payne's subjective reports of fatigue or account for Mr. Payne's migraines in the RFC decision. This Court finds that substantial evidence supports the ALJ's decision because the ALJ properly evaluated Mr. Payne's subjective reports of fatigue and accounted for Mr. Payne's migraines in the RFC decision. Therefore, this Court affirms.

*A. The ALJ Properly Evaluated Mr. Payne's Subjective Reports of Fatigue.*

The ALJ is responsible for deciding questions of fact, including the credibility of a claimant's subjective reports about his limitations. *Gregg v. Barnhart*, 354 F.3d 710, 713 (8th Cir. 2003) (citing *Nelson v. Sullivan*, 966 F.2d 363, 366 (8th Cir. 1992)). The ALJ may discount subjective complaints if they are inconsistent with the evidence as a whole. *Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019) (quoting *Julin v. Colvin*, 826 F.3d 1082, 1086 (8th Cir. 2016)). "When evaluating a claimant's subjective complaints of pain, the ALJ must consider objective medical evidence, the claimant's work history, and other evidence relating to (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the claimant's functional restrictions." *Id.* (citing *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984); 20 C.F.R. § 404.1529(c)). However, "the ALJ's decision need not include a discussion of how every *Polaski* factor relates to the claimant's credibility." *Casey v. Astrue*, 502 F.3d 687, 695 (8th Cir. 2007) (citing *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir. 2004)). The Court "will defer to credibility determinations that are supported by good reasons and substantial evidence." *Schwandt*, 926 F.3d at 1012 (citing *Julin*, 826 F.3d at 1086).

Here, the ALJ gave a good reason for discounting Mr. Payne's subjective reports of fatigue because he ultimately found that they were inconsistent with the record. The ALJ considered the *Polaski* factors when evaluating Mr. Payne's subjective reports of fatigue, including the medical evidence, Mr. Payne's daily activities, and his work history, which Mr. Payne specifically contests. (AR 17-23); (Doc. 12 at 8-12). First, the ALJ considered the medical evidence in the case, noting mostly limited abnormalities and conservative treatment measures. (AR 19-20). Second, the ALJ acknowledged Mr. Payne's work history. (*Id.* 20). Third, the ALJ considered Mr. Payne's daily activities, like caring for his teenage boys, preparing meals, and doing household chores. (*Id.* 21-22). The ALJ noted how Mr. Payne's conditions limited these daily activities, including that he often needed assistance from his family and to take frequent breaks. (*Id.*). Thus, the ALJ considered all the *Polaski* factors, even though "the ALJ's decision need not include a discussion of how every factor relates to the claimant's credibility." *Casey*, 502 F.3d at 695 (citing *Tucker*, 363 F.3d at 783). The ALJ ultimately did not find Mr. Payne's subjective reports of fatigue credible because the medical evidence and Mr. Payne's daily activities were inconsistent with his subjective reports. (AR 21). Therefore, this Court will defer to the ALJ's credibility determination because it is supported by good reasons and substantial evidence. *See Schwandt*, 926 F.3d at 1012 (citing *Julin*, 826 F.3d at 1086).

  B. *The ALJ Properly Accounted for Mr. Payne's Migraines in the RFC Decision.*

The RFC is "the most [a claimant] can still do despite his or her physical or mental limitations." *Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004) (quotation omitted). The claimant has the burden to prove the RFC. *See Kraus v. Saul*, 988 F.3d 1019, 1024 (8th Cir. 2021). "It is the ALJ's responsibility to determine a claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions

of his limitations." *Pearsall v. Massanari*, 274 F.3d 1211, 1217-18 (8th Cir. 2001) (citing *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995)). This Court "review[s] the record to ensure that an ALJ does not disregard evidence or ignore potential limitations, but we do not require an ALJ to mechanically list and reject every possible limitation." *McCoy v. Astrue*, 648 F.3d 605, 615 (8th Cir. 2011) (citing *Depover v. Barnhart*, 349 F.3d 563, 567 (8th Cir. 2003)).

Here, substantial evidence supports the ALJ's decision because the ALJ properly accounted for Mr. Payne's migraines in the RFC decision. The ALJ evaluated "all relevant evidence, including medical records, observations of treating physicians and others, and [Mr. Payne's] own descriptions of his limitations." *Pearsall*, 274 F.3d at 1217-18 (citing *Anderson*, 51 F.3d at 779). Specifically, the ALJ considered the state agency medical consultant's administrative finding, which detailed Mr. Payne's history of migraines. (AR 22). The ALJ further considered the medical records and observations of treating physicians noting how the migraines were treated with outpatient medication management and may be sleep related. (*Id.* 18). The ALJ also considered Mr. Payne's daily activities, specifically that Mr. Payne's daily activities were not entirely consistent with his subjective reports regarding the severity of his symptoms. (*Id.* 20-21). After reviewing all the relevant evidence, the ALJ ultimately adopted a noise limitation in the RFC, which the state agency medical consultant recommended because of Mr. Payne's migraines. (*Id.* 22, 100-01, 420). The ALJ did not disregard evidence regarding Mr. Payne's migraines. Instead, he adopted a limitation based on the relevant evidence that Mr. Payne proved. The ALJ did not need to mechanically list every possible limitation that could result from Mr. Payne's migraines. *See McCoy*, 648 F.3d at 615 (citing *Depover*, 349 F.3d at 567). Thus, given the deferential standard at this procedural stage, substantial evidence supports the RFC decision because the ALJ properly accounted for Mr. Payne's migraines in the RFC decision.

## V. Conclusion

For the reasons as set forth herein, the Court finds the Acting Commissioner's determination that Mr. Payne was not disabled is supported by substantial evidence in the record. Judgment shall be entered in accordance with this Order.

Accordingly,

IT IS, THEREFORE, ORDERED that the decision of the Acting Commissioner is affirmed as set forth herein.

Dated this 7th day of October, 2021, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*

Willie J. Epps, Jr.
United States Magistrate Judge